El Pueblo *v.* Oliver.

Apelación procedente de la Corte de Distrito de Ponce.

No. 25.—Resuelto en Junio 22, 1904.

Hurto de Mayor Cuantía—Abuso de Confianza—Pena.—Aún cuando la pena estatuida para el delito de *abuso de confianza* es la misma que el Código ha previsto para el delito de hurto, sin embargo, ambos delitos son completa-mente distintos, y se encuentran definidos en distintos artículos del Código.

ID.—CONVICCIÓN POR UN DELITO DISTINTO DEL COMPRENDIDO EN LA ACUSACIÓN.—
Siendo distintos delitos los de abuso de confianza y hurto, con una acusación
imputando al acusado el delito de hurto no puede declararsele culpable de
abuso de confianza.

ID.—En este caso A vendió á B cierto número de cabezas de ganado, debiendo
satisfacerse su importe en efectivo, al verificarse la entrega; posesionado
B del ganado y del *vendi,* pagó solamente parte del precio, desapareciendo
después sin satisfacer el resto, habiendo dispuesto del ganado:*se resolvió* que
estos hechos no constituyen el delito de hurto, sino el de *abuso de confianza.*

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR· MACLEARY, emitió la siguiente opinión del Tribunal.

La presente es una causa de abuso de confianza (embezzlement) en que el acusado fué condenado á dos años de Presidio con trabajos forzados, y al pago de las costas de la causa. El acusado fué denunciado por Juan Nepomuceno Martinez, residente del barrio de Canas, quien alegó que habiendo vendido cinco cabezas de ganado á Francisco Oliver, el acusado, natural de Peñuelas, por valor de contado de noventa y siete (97.00) dollars; que dicho Oliver, una vez terminado el contrato de venta según la forma ordinaria, dejó de entregar el valor expresado en el contrato, á Don Francisco Bass, residente en Quebrada, á quien el vendedor habia comisionado para recibir dicha suma, pagando á dicho Bass solamente veinte dollars y desapareciéndose con el ganado y la cuenta de la venta. Que todos los esfuerzos hechos por el que suscribe para cobrar dicha cantidad han sido inútiles. El acusado prestó fianza por cantidad de quinientos dollars. El Fiscal presentó acusación contra el acusado Francisco Oliver, como sigue:

"En la Corte de Distrito de Ponce á cinco de Junio de mil novecientos tres. El Fiscal formula acusación contra Francisco Oliver por el delito grave de hurto de mayor cuantía comprendido en los artículos 426 y 428 del Código Penal, cometido como sigue: En el barrio de Canas, término municipal de Ponce, y el 28 de Marzo de

1903, habiendo convenido Francisco Oliver con Juan Nepomuceno Martinez la compra de cinco reses, propiedad de éste en la suma de noventa y siete pesos cuya operación debia verificarse al contado y una vez en posesión el Francisco Oliver de las reses y del *vendí* entregó solamente veinte pesos y con intención criminal desapareció sin que hasta la fecha haya entregado los $77 restantes á pesar de las gestiones hechas por el vendedor. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico.''

En 25 de Junio de 1903, el acusado compareció y pidió juicio por Jurados. En 4 de Diciembre, 1903, se constituyó el Tribunal en audiencia pública compuesto del Hon. E. B. Wilcox como Juez, y del Secretario, con asistencia del Sr, Fiscal y del abogado Felipe Casalduc, en representación del acusado Francisco Oliver; se abrió la sesión y se constituyó el Jurado. El Fiscal propuso que se examinasen cinco testigos. Unicamente se examinaron dos y se prescindió de los demás. Tambien presentó prueba documental y un recibo que fué leido y que se encuentra en los autos. La defensa no presentó prueba alguna, sino aquella presentada por el Fiscal, y el acusado no quiso declarar, habiendo ambas partes presentado sus argumentos. El Juez hizo un resúmen del caso al Jurado y dió sus instrucciones, nombrándole su Presidente, quedando el Jurado deliberando. Reanudada la sesión el Jurado por unanimidad, dió su veredicto declarando culpable al acusado, y se señaló el Lunes, dia 7, para dictar sentencia. El recibo que se presentó como prueba dice lo siguiente:

''He recibido de Don Francisco Olivero la suma de $97.00 moneda corriente, por cinco cabezas de ganado que he entregado á dicho caballero (dándole detalles de ellas) y como prueba de esto firmo la presente en Canas Barrio, Ponce, á 27 de Marzo de 1903.''

En 7 de Diciembre de 1903 se abrió la Corte y el Juez Wilcox presidía. El acusado compareció á las diez y media, tratando de probar que no debía dictarse sentencia pues sus

pruebas no habian sido traidas. El Juez dictó sentencia con-
dándole á la pena de dos años de presidio con trabajos
forzados, y al pago de las costas. La sentencia de la Corte
es como sigue:

*Sentencia.*

"Juicio por Jurado, Causa No. 173. En la Ciudad de Ponce á
los siete dias del mes de Diciembre de 1903. Vista en juicio por
Jurado la presente causa No. 394 de Fiscalia y 173 del Libro de
Registro de causas criminales seguida de oficio por el Fiscal á voz y
nombre del Pueblo de Puerto Rico contra el acusado Francisco
Oliver por el delito grave de abuso de confianza, defendido y repre-
sentado por el abogado Don Felipe Casalduc, hallándose dicho acusado
preso por esta causa, siendo Juez para redactar esta sentencia el
Asociado que presidió el juicio Don E. B. Wilcox. Vista el acta de
acusación presentada por el Fiscal, que literalmente dice así: En el
barrio de Canas término municipal de Ponce y el 28 de Marzo de
1903 habiendo convenido Francisco Oliver con Juan Nepomuceno
Martinez la compra de cinco reses, propiedad de éste en la suma de
noventa y siete pesos cuya operación debia verificarse al contado y
una vez en posesión el Francisco Oliver de las reses y del vendí,
entregó solamente veinte pesos y con intención criminal desapareció
sin que hasta la fecha haya entregado los setenta y siete pesos res-
tantes á pesar de las gestiones hechas por el vendedor. Visto el
veredicto del Jurado que declara culpable al acusado Francisco Oliver
del delito imputádole por el Fiscal. Considerando que al Tribunal
de derecho sólo le compete en este caso dictar sentencia aplicando
la pena dentro de los límites que señala el artículo 435 del Código
Penal y que se estima prudencialmente en la de dos años de presidio
con trabajos forzados y pago de costas. Vistos los artículos 449, 448
y el citado 430 del Código Penal. Fallo que debo condenar y condeno
al acusado Francisco Oliver como autor responsable del delito de abuso
de confianza á la pena de dos años de presidio con trabajos forzados,
que deberá extinguir en el Departamental de la Isla y al pago de
las costas procesales. Así por esta sentencia lo pronuncio, mando y
firmo. E. B. Wilcox."

Felipe Casalduc, en representación del acusado Francisco
Oliver, interpuso recurso de apelación alegando que su de-

fendido habia sido condenado á la pena de dos años de pre-
sidio, y que dicha sentencia es contraria á todo derecho, no
pudiendo en manera consentirlo dicho acusado, suplicando
por tal motivo á la Corte que ordene al Secretario á que
cumpla con lo prevenido en el artículo 356 y sus concordantes
del mencionado Código. La apelación fué admitida por el
Tribunal de Distrito y se elevaron los autos á esta Corte. El
Fiscal presenta su informe haciendo mención de los procedi-
mientos de la Corte inferior, notando que no se ha presenta-
do pliego de excepciones. Presenta como fundamentos le-
gales los artículos 448, 449 y 450 del Código Penal, y el artí-
culo 345 y siguientes del Código de Enjuiciamiento Criminal.
Formula en su dictamen que no existe pliego de excepciones,
ni en el acta se formuló protesta alguna, ni en este Tribunal
Supremo se han hecho alegaciones, no habiéndose presentado
esta cuestión á resolver, debidamente planteada. Siendo eso
y habiendo examinado los autos y encontrando que no se ha
cometido en ellos error alguno y que la sentencia es justa, el
Fiscal consigna su impugnación al recurso, y manifiesta que
debe declararse sin lugar el recurso, con las costas al re-
currente.

He examinado la sección 286 del Código de Enjuicia-
miento Criminal de Puerto Rico, que corresponde á las sec-
ciones 1,159 del Código Penal de California; también la sec-
ción 426 y siguientes, hasta la 445, del Código Penal de
Puerto Rico, que define el hurto de mayor cuantia y el abuso
de confianza; igualmente el Tomo sexto de la Enciclopedia de
Leyes Americana, páginas 451 hasta 507. En la ley común
no existe tal delito de abuso de confianza (embezzlement)
Este delito se halla comprendido en los estatutos en casi todos
los Estados. En Texas se le considera como cierta clase de
delito llamado "robo" que es, en la ley común, hurto de
mayor cuantia; lo mismo es en Montana, pero no es así en
California. En este último, como en Puerto Rico, el delito
de hurto de mayor cuantia y de abuso de confianza son com-

pletamente diferentes de acuerdo con los Estatutos, encontrándose definidos en distintas secciones de los mismos, aunque el castigo, en casi todos los estados referidos, es igual para el abuso de confianza como para el hurto. Ahora surge la cuestión ¿puede un acusado ser acusado por hurto y condenado en la misma causa por abuso de confianza? Quizás podría serlo en Texas ó en Montana donde el abuso de confianza, según los estatutos, es una especie de robo ó hurto; pero esto no puede hacerse en California ó en Puerto Rico. Son ofensas completamente distintas y una persona no puede ser acusada de la una y condenada de la otra. • Si la prueba en esta causa practicada muestra que el acusdo es culpable, muestra que lo es de abuso de confianza, puesto que él adquirió la posesión de dicho ganado de modo legal y los apropió para su uso particular sin cumplir con la condición de la venta; á saber: el pago del dinero en efectivo al hacer la entrega del ganado. El no era culpable de robo, ni fué acusado por abuso de confianza, por consiguiente, la sentencia debe revocarse y remitirse la causa á la Corte de Distrito de Ponce para la celebración de un nuevo juicio ó para cualquier otra resolución que la Corte estime procedente. Realmente el acusado debia ser absuelto del delito imputádole en la acusación presentada y formularse contra él nueva acusación por el delito de abuso de confianza. Este Tribunal debe dictar sentencia de acuerdo con esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.